

**FILED**
2/19/2021   AM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN OF DISTRICT ILLINOIS**
**EASTERN DIVISION**

**1:21-CV-0947**

|  |  |
|---|---|
| **DONALD TIMMS,** ) | CASE NO: **JUDGE THARP JR.** |
| Plaintiff, ) | **MAGISTRATE JUDGE GILBERT** |
| V. ) | PRESIDING JUDGE |
| **Holsten Management Corporation** ) | MAGISTRATE JUDGE |
| **Peter Holsten** president of Management Corporation,) | **TRIAL BY JURY DEMAND** |
| Mr. Holsten sued individually and in his Official capacity; ) | |
| **Jackie Taylor Holsten** vice president of Holsten ) | |
| Management corporation Mrs. Holsten sued individually ) | |
| And in her official capacity; **Laruyer Wilson** a ) | |
| Authorized agent for Holsten Management Corporation ) | |
| Ms. Wilson sued in her individually capacity; ) | |
| **Shaun Reed** a Authorized agent and property manager ) | |
| For Holsten Management Corporation Mr. Reed sued in ) | |
| his Individually capacity; ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

Now Comes Plaintiff's, Donald Timms, ("Timms") as plaintiff to this action; by and acting pro-se, complains of defendants, Holsten Management Corporation ("HMC"), Peter Holsten ("Holsten"). Jackie Taylor Holsten ("Holsten"), Laruyer Wilson ("Wilson"), Shaun Reed ("Reed"), and stated the following reasons;

**A.   THE NATURE OF THE CAUSE OF ACTION**

1.   This action brought pursuant to deprivation of due process rights, violation of the due process clause of the fourteenth amendment and equal protection, conspiracy to violated civil rights under 42 U.S.C. A. Section 1983, Race discrimination-violation of 42 U.S.C.A.Section1981.Wrongful eviction by the landlord Holsten Management Corporation and its apparent agent, Laruyer Wilson changed the locks on plaintiff

1

apartment doors so he could not re-enter his apartment due to defendant, Laruyer Wilson changed the locks on apartment doors as well as the mail box.

2. Defendants, **Laruyer Wilson and Shaun Reed** change the locks on plaintiff apartment doors and wrongfully detained plaintiff personal property and my medications without due process of law nor did Defendans give notice to plaintiff that the locks would be change on plaintiff apartment doors as well as the mail box.

3. Plaintiff's complaint seeks damage against Holsten Management Corporation and against the president **Peter Holsten** and its vice president **Jackie Taylor Holsten, Laruyer Wilson** and **Shaun Reed.** The corporation file NO: 55443564. Plaintiff Donald Timms Address 2030 South Street, Apt # 2107 Chicago, Illinois 60616. Wrongful eviction-**735 IL C S 5/9-101** violation of holdover tenant act-**735 ILC S 5/ 9-207**, retaliatory eviction and negligent intentional infliction of severe emotional distress.

### B. <u>JURISDICTION</u>

4. This Court has jurisdiction pursuant to 28 U.S.C.A. Section 1331 and 1337 because this action arises under the Constitution and laws of the United States, specifically, the due process Clause of the Fourteenth Amendment to the United States Constitution and wrongful eviction without notice or due process.

5. This Court also has jurisdiction pursuant to 28 U.S.C.A. Section1343 (a) and 1343 (4) because this action arises pursuant to 42 U.S.C.A. Section 1983, which prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

6. The Fourteenth Amendment provision create Federal question jurisdiction and actionable pursuant to Federal Statutes 42 U.S.C.A. Section 1981 and 1983.

7. Plaintiff's invokes the courts supplemental jurisdiction and authority to exercise pendent jurisdiction over state law and common law claims that arise out the same transaction occurrence from the same case.

8. The statutory authority pursuant to 28 U.S.C.A. Section 1367 (a), plaintiff state law claims included violation of the Illinois Civil Rights Act and United States Civil Rights Act 42 U.S.C.A. Section 1983.

9. This Court has authority to hear and decide state law claims: Negligent intentional infliction emotional distress, wrongfully eviction, violation of holdover tenant act, retaliatory eviction and conversion tort action, violation of the due process clause and deprivation of due process rights.

10. Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, and its apparent agent, Laruyer Wilson and Shaun Reed were acting under color of state law. Defendants did deprive plaintiff, Donald Timms of his liberty and property interest as well as equal protection of the Laws and Due process and the Fourth and Fourteenth Amendment.

11. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.A. Section 1391 (b) because the events upon which this Complaint is based occurred in this district.

## C.   **CIVIL ACTION FOR VIOLATION OF DEPRIVATION**

12 Every person who, under color of any statutes, ordinance, custom, policy or usage of any state of or territory of the District of Columbia, subjects or cause to be subjected, and any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privilege of communities secured by the constitution law shall be liable to the party injured in an action at law, suit in equity or other person proceeding for redress for the purpose of this section, any act of congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

3

**D** **CITIZENSHIP OF THE PARTIES TO THIS ACTION**

13.     Plaintiff's, Donald Timms, at all relevant times an African American ("Black") Citizen of the United States of America with a permanent resident at 2030 South State Street, Apt.# 2107, Chicago, Cook County, the State of Illinois 60616.

14.     Defendant's Holsten Management Corporation, and create as a corporation duly organized, and existing by virtue of the laws of the state of illinois engaged in the conduct and provision of investing in real estate, leasing and renting property with its principal place of business located at 1020 West Montrose Avenue, Chicago, Illinois 60613. Defendants can be served through its registered agent. Green Street 1998 LLC. 400 South La Salle Street # 1900 Chicago, Illinois 60605.

15.     Defendant, Peter Holsten at all relevant times upon information and believed to be a resident of the State of Illinois. Defendant, Holsten was at all times material hereto Peter Holsten, president of Holsten Management Corporation, Holsten, who were duly appointed and anointed with power through his corporation and authority to function under color and pretense of the statutes, ordinances, regulation, customs and usages of the State of Illinois, Cook county, under color of state law, Holsten was acting within the scope of his capacity and responsible for the wrongful acts of his employees.

16.     Defendant, Jackie Taylor Holsten at all relevant times upon information and believed to be a resident of the State of Illinois. Defendant, Jackie Taylor Holsten was at all times material hereto Jackie Taylor Holsten, vice president of Holsten Management Corporation Holsten, who were duly appointed and anointed with power and authority to function under color and pretense of the Statutes, ordinances, regulation, customs and usages of the State of Illinois, Cook County, under color of state law and was acting within scope of her capacity as vice president of ("HMC") and responsible for the wrongful acts of employees. Jackie Taylor Holsten can be served at 1020 West Montrose Avenue, Chicago, Illinois 60613.

4

17.    Defendant, at all times to this cause of action, Holsten Management Corporation is was he employer of Laruyer Wilson ("HMC") are responsible for Wilson wrongful acts of Wilson while employed by Holsten Management Corporation Wilson was acting within the of her employment.

18.    Defendant's, Laruyer Wilson, at all relevant times upon information and believe to be a resident of the State of Illinois. Defendant, Wilson was at all times material hereto was duly appointed apparent agent and authorized manager for Holsten Management Corporation. Ms. Wilson can be served at 2030 South State Street, Chicago, Illinois 60616.

19.    Upon information and believe, Laruyer Wilson at all times was apparent agent for Holsten Management Corporation are responsible and can be held liable for Wilson wrongful acts of its servant-employee of Holsten Management Corporation while Wilson was authorized agent and manager for ("HMC"). Ms. Wilson sued in her individually capacity.

20.    Defendant, Wilson who were duly appointed and anointed with power and authority to function under color and pretense of the statutes, ordinances, regulation, custom and usage of the State of Illinois ,County of Cook and under color of state law, Wilson was acting within her capacity as authorized agent for ("HMC").

21.    Defendant at all material times to this cause of action, Holsten Management Corporation is the employer of Shaun Reed are responsible for Reed wrongful acts while defendant Reed employed by ("HMC") was acting within the scope of his employment.

22.    Defendant, Shaun Reed, at all relevant times upon information and believed to be resident of the State of Illinois. Defendant, Reed was at all times material hereto was duly appointed authorized agent and property manager for ("HMC"). Mr. Reed can be served at 54 West Cermak Rd., Chicago, Illinois 60616.

5

23.   Upon information and believed, defendant, Shaun Reed at all times was apparent agent for Holsten Management Corporation are responsible and can be held liable for Reed wrongful acts of its servant-employee of Holsten Management Corporation while employed by ("HMC"), Reed was authorized agent and manager for ("HMC"). Mr. Reed sued in his individually capacity.

24.   Defendant, **Shaun Reed** who were duly appointed and anointed with power and authority to function under color and pretense of the Statutes, ordinances, regulation, custom and usage of the State of Illinois, County of Cook and under color of state law and was acting within his capacity as authorized agent for ("HMC").

### E.   LANDLORD PRINCIPAL HISTORY

25.   Holsten Management Corporation, and its principals Peter Holsten president of ("HMC"). Jackie Taylor Holsten vice president of ("HMC"). Peter Holsten and Jackie Taylor Holsten Owned, Operated, managed, and controlled the property located at 2030 South State Street, Plaintiff, Donald times a resident in the building in apartment 2107. Laruyer Wilson and Shaun Reed changed the locks on plaintiff apartment doors 2107 and changed the locks on the mail box as well, the mail box in the same building in the city of Chicago, County of Cook, the state of Illinois 60616.

### F.   FACTS UPON WHICH RELIEF IS CLAIMED

26.   On about 2016, I moved in the building located at 2030 South State Street, apartment No: 2107 and day I moved in, thereafter, living there about four (4) years.

27.   Consequently, I come home on the day of July 13, 2020. The Landlord Holsten Management Corporation and its apparent agent and manager, Laruyer Wilson Changed the locks on plaintiff apartment doors so plaintiff could not re-enter his apartment due to the locks had been changed on all doors. Defendant, Laruyer Wilson wrongfully detained plaintiff personal property without due process of law nor did she give notice to plaintiff she going to change the locks on plaintiff apartment doors and the mail box as well.

28.    Plaintiff's personal property and my medications was illegally taken from plaintiff and retain possession of my personal by the landlord Holsten Management Corporation and its apparent agent and manager, Laruyer Wilson refuse to released my personal property locks in the apartment by Ms. Wilson.

29.    Plaintiff was unable to retain any of my personal property, based on plaintiff could not re-enter his apartment to take possession of his personal property.

30.    The landlord Holsten Management Corporation and its president, Holsten of ("HMC") and vice president, Jackie Taylor Holsten of ("HMC') and its apparent agents, Laruyer Wilson and Shaun Reed, wrongful possessed and detained plaintiff property, and Defendants intent were to disregard plaintiff's changed the locks on plaintiff apartment doors violated Section 5-12-150 of the residential landlord and Tenant Ordinance Municipal Code of Chicago (1991). Paragraphs 5-12-150,4-12-160 ("Ordinance") **735 IL C S 5/ 9-207** (Holdover Tenant) demand for his personal property.

31.    Defendants failed and refused to give notice to plaintiff the locks on the doors is changed.

32.    Defendants, Holsten Management Corporation and its apparent agents, Laruyer Wilson and Shaun Reed converted plaintiff personal property, and converted the property as the same to their own use by stealing the property out of plaintiff apartment. Plaintiff, Donald Timms was wrongfully evicted from his apartment without notice, **735 ILC S 5/ 9-101**.

33.    Defendants Holsten Management Corporation, Peter Holsten, Jackie Taylor Holsten and its apparent agents, Laruyer Wilson and Shaun Reed wrongfully evicted Plaintiff, Donald Timms from his apartment without due process of law constitutes a Tortious act. 735 ILC S 5/ 9-101,**735 IL C S 5/ 9-207**, Chapter 5-12-150,5-12-160.

34.    Plaintiff's, Donald Timms, resident at 2030 South State Street, Apt. 2107,County of Cook The City of Chicago, Illinois 60616. ("Chicago Tenant Act"), plaintiff very concern about my personal property had

been detained by the Holsten Management Corporation and its president, Peter Holsten and vice president, Jackie Taylor Holsten and its apparent agents, Laruyer Wilson and Shaun Reed. Thereafter defendants wrongfully evicted plaintiff from his apartment on July 13, 2020.

35.    Defendants made it impossible for plaintiff to re-enter his apartment to retain his personal property and his medications. Shortly thereafter, defendants wrongfully evicted plaintiff when they changed the locks on plaintiff apartment door **735 ILC S 5/9-101.**

36.    Defendants, Holsten Management Corporation and its president, Peter Holsten and Vice president, Jackie Taylor Holsten and its apparent agents, Laruyer Wilson and Shaun Reed failed to give plaintiff notice that the locks will be change on plaintiff apartment doors. Plaintiff demand that Defendants to turn over my personal property within twenty one days but defendants failed to do so. I have no other alternative but to file this action in the United States District Court, for trover and conversion against Defendants because I have the ownership in said personal property and I have rights to immediate possession of my personal property belongs to plaintiff.

37.    Defendants acted with ("actual malice") ("evil hate") with intent to inflict harm to plaintiff, which defendants wrongful act Changed the locks on plaintiff apartment doors without notice of termination of tenancy pursuant to 735 ILC S 5/ 9-101, plaintiff never was served with a five day notice nor did defendants serve a 30 day notice on plaintiff. **735 IL C S 5/9-207 and 735 ILC S 5/9-102.**

38.    Additionally, said conspiracy/joint action between Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed conspired together to changed the locks on plaintiff apartment doors in violation of Illinois law pursuant to 735 ILC S 5/9-101 and Section 9-207 in violation of plaintiff Fourteenth Amendment rights, under color of state law, in contravention of 42 U. S. C. A. Section 1983. Defendants  breach of said fiduciary duties to plaintiff and failed to give notice to plaintiff the locks would be changed on the doors.

8

## COUNT I
### CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

This claim against each defendant, Holsten Management Corporation and its president Peter Holsten, vice president Jackie Taylor Holsten, Laruyer Wilson  Shaun Reed.

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

39.  Plaintiff repeats, re-allege, and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 38 above as if set forth in fully herein. <u>In Haec Verba</u>.

40.  Plaintiff states a claim for relief for Defendants' violation of the due process Clause of the Fourteenth Amendment to the United States constitution, which is actionable pursuant to 42 U. S. C. A. Section 1983.

41.  Defendants are "person," under 42 U.S.C.A. Section 1983.

42.  Defendants acted "under color" of state law, under 42U.S.C.A.Section 1983.

43.  Defendants Holsten Management Corporation and its President, Peter Holsten, vice President, Jackie Taylor Holsten, "Laruuyer Wilson authorized agent and manager" and Shaun Reed authorized agent property manager failed to give plaintiff notice that they were going to change the locks on plaintiff apartment doors. Plaintiff's Fourteenth Amendment rights prohibiting of summary seizure without Due process of Law.

44.  In doing so, Defendants violated rights secured to plaintiff by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

45.  Plaintiff has been harmed and will continue to be harmed by Defendants' actions and is entitled to injunctive and declaratory relief and monetary damages.

### CONCLUSION

**Wherefore,** the plaintiff, Donald Timms, prays that this Honorable Court:

A.   Enter judgement in favor of the plaintiff, Donald Timms and against the Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president Jackie Taylor Holsten,

Laruyer Wilson and Shaun Reed;

B. Award the plaintiff compensatory damages in an amount in excess of one Hundred Thousand ($100,000.00) Dollars from Defendants ("HMC") against each Defendants president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C. Award the Plaintiff punitive damages in an amount in excess of two Hundred Thousand ($200,000.00) dollars from Defendants ("HMC") against each Defendants, president Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

D. Award the plaintiff court costs and attorney's fees incurred herein.

E. Award the plaintiff other relief which this court deems proper and just.

## COUNT II
## CAUSE OF ACTION UNDER FEDERAL CIVIL RIGHTS ACT

This claims against each Defendants, Holsten Management Corporation and its president Peter Holsten, vice president Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed

## FOR DEPRIVATION OF DUE PROCESS RIGHTS

46. Plaintiff repeats, re-allege, and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 45 above as if set forth in fully herein. **In Haec Verba.**

47. Defendant's Holsten Management Corporation and its president Peter Holsten and its vice president Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed acted under color of state law or authority when they change the locks on plaintiff apartment doors, which the building is subsidy, because they are subject to Hud regulations, received federal rent subsidies from HUD.

48. The acts of the Defendants, the Holsten Management Corporation and its president Peter Holsten and vice president Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed were willfully wantonly and reckless disregard for the law and deliberately indifferent of plaintiff's Fourteenth Amendment rights, because the Defendants failed and refused to served notice on plaintiff that the locks on apartment doors would be change in violation of 42 U.S.C.A.Section1983.

10

49.  Action taken by Defendants was illegal and wrongful eviction constituted a violation of due process of the tenant Rights Pursuant to 42 U. S. C. A. Section 1983.

50.  The Defendants acted in bad faith when taken action against plaintiff without due process of law constitutes a tortious act. Pursuant to 735 ILC S 5/9-207, Chapter 5-12-150, 5-12-160. Defendants failed and refused to give plaintiff proper notice before changing the locks on plaintiff apartment. Plaintiff was denied liberty and equal protection of the laws and a violation of the Fourteenth Amendment to the United States Constitution 42 U.S.C. A. Section 1983. His Fourth and Fourteenth Amendment right to be free unreasonable and unlawful seizure and 42U.S.C.A.Section 1983.

## CONCLUSION

**Wherefore,** the plaintiff, Donald Timms, prays that this Honorable Court:

A.  Enter judgement in favor of the plaintiff Donald Timms and against the Defendants, Holsten Management Corporation and its president Peter Holsten, Vice president Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed;

B.  Award the plaintiff compensatory damages in an amount in excess of one Hundred Thousand (100,000,00) dollars from Defendants ("HMC") against each Defendants president Peter Holsten, vice president Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C.  Award the plaintiff punitive damages in an amount in excess of two Hundred Thousand ($200,000.00) dollars from Defendants ("HMC") against each Defendants president Peter Holsten, vice president Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

D.  Award the plaintiff court costs and attorney fees incurred herein.

E.  Award the plaintiff other relief which this deems proper and just.

## COUNT III

### PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

This claims against each Defendants, Holsten Management Corporation and its president, Peter Holsten,
vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed

### FOR WRONGFUL EVICTION

### SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO

### 28 U.S.C.A. SECTION 1367 (a)

51.     Plaintiff repeats, re-alleges and incorporates herein by reference each of the allegations set

forth in paragraphs 1 through 50 above as if set forth in fully herein. **In Haec Verba.**

52.     Defendants, Holsten Management Corporation and its president Peter Holsten, vice president

Jackie Taylor Holsten, Laruyer Wilson and Shaun action were wrongful evicted plaintiff without due process of law

constitutes tortious act pursuant to 735 ILC S 5/9-101 Chapter 5-12-150, 5-12-160.Defendants acted with actual

"malice" to support they "evil" intent to inflict severe harm and damages plaintiff, Timms.

53.     Defendants failed and refused to initiate a forcible entry and detainer action as required by law

735 ILC S 5/9-101.

54.     Defendants violated the forcible entry and detainer ("prohibited") Defendants from wrongful

eviction violated chapter 5-12-150, 5-12-160 as ("Required") ("Notice of Termination") 735 ILC S 5/9-101, Defendants

customary practice is wrongful eviction.

55.     Aforementioned acts of wrongful eviction constitute an unlawfully ouster in violation of Section

193-11 of the Chicago Municipal Code and forcible entry and detainer in violation of 735 ILC S 5/ 9-101,735ILCS5/9-

207, Chapter 5-12-150, 5-12-160.

56.     Forcible Entry and Detainer Act prohibits any actual or constructive self-help through force,

including changing locks or locking someone out of his land. **735 ILC S 5/9-102.**

**Wherefore**, the plaintiff Donald Timms prays that this Honorable Court:

A.     Enter judgement in favor of the plaintiff Donald Timms and against the Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed;

B.     Award the plaintiff compensatory damages in an amount in excess of one Hundred Thousand ($100,000.00) Dollars from the Defendants ("HMC") against each Defendants president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C.     Award the plaintiff punitive damages in amount in excess of two Hundred Thousand ($200,000.00) Dollars from the Defendants ("HMC") against each Defendants President, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

D.     Award the plaintiff court costs and attorney's fees incurred herein.

E.     Award the plaintiff other relief which this Court deems proper and just.

## COUNT IV
## PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW

This claims against Defendants, Holsten Management Corporation and its president, Peter Holsten, Vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

## FOR VIOLATION OF HOLDOVER TENANT ACT
## SUPPLFEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28 U.S.C.A.SECTION 1367 (a)

57.   Plaintiff repeats, re-alleges, and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 56 above as if set forth fully herein. **In Haec Verba.**

58.   The action taken by Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed was wrongful eviction constituted an act of violation of due process of the tenant act.

13

59. Defendants ("HMC") acted in bad faith when take wrongful action against plaintiff without due process law constitutes a tortious act. Pursuant to 735 ILC S 5/9-207, Chapter 5-12-150, 5-12-160.Defendats failed and refused to give proper notice.

60. The Defendants acted with "Actual malice" to support their "evil intent" to do severe damage to plaintiff, Donald Timms was a tenant and resident at 2030 South Street, apt, 2107, Chicago, Illinois 60616.

61. The plaintiff was a month to month Holdover Tenant with a 30 days notice of termination. Which Defendants violated the Holdover Tenant agreement act intentional.

62. Defendants ("HMC"), president, Peter Holsten, vice president. Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed change the locks on plaintiff apartment doors which plaintiff was entitled to possession of his apartment and his personal property. Defendants failed to give plaintiff notice of termination of tenancy 735 IL C S 5/9-207, 735 IL C S 5/9-101, 5-12-150, 5-12-160.

63. Plaintiff was entitled to proper notice but Defendants failed to give proper is a violation of due process and each of them violated the Fourteenth Amendment rights and 42 U.S.C.A.Section1983.

## CONCLUSION

**Wherefore,** the plaintiff, Donald Timms, prays that this Honorable Court:

A. Enter judgement in favor of the plaintiff Donald Timms and against the Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed;

B. Award the plaintiff compensatory damages in an amount in excess of one Hundred Thousand ($100,000.00) Dollars from Defendants ("HMC") against each Defendants president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C.   Award the plaintiff punitive damages in an amount in excess of two Hundred thousand ($200,000.00) Dollars from Defendants ("HMC") against each Defendants president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

D.   Award the plaintiff court costs and attorney's fees incurred herein.

E.   Award the plaintiff other relief which this Court deems proper and just.

## COUNT V
## PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW
This claims against each Defendants, Holsten Management Corporation and its president, Peter Holsten, Vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.
## FOR RETAILATORY EVICTION
## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
## 28U.S.C.A. SECTION 1367 (a)

64.   Plaintiff repeats, re-alleges and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 63 above as if set forth fully herein. **In Haec Verba.**

65.   Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed actions was wrongful eviction, constitute an act of retaliatory eviction and evict Plaintiff from his apartment without due process of law constitute tortious act.**735 IL CS 5/ 9-101, 735 IL C S 5/ 9-207, Chapter 5-12-150 and 12-12-160.**

66.   Defendants seek retaliatory eviction because plaintiff did not owed no rent but Defendants, ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed acted with "actual malice" to support their wrongful act and with intent to due sever harm to plaintiff.

67.   At no time Defendants give plaintiff notice before changing the locks on plaintiff apartment door. Defendants ("HMC") failed and refused to give plaintiff notice of terminating tenancy, nor did Defendants initiate a forcible entry and detainer required by law.735 ILC S 5/9-101 forcible entry prohibited-prohibition

15

On retaliatory conduct by the landlord; Chapter 5-12-150, 5-12-160 ("Notice of termination");735 ILC S 5/9-207.

Defendants take full control over the wrongful eviction and holding said personal property, and Defendants ("HMC"), Laruyer Wilson and Shaun operate and managing the property "Res Ipsa Loguitur."

## CONCLUSION

**Wherefore,** the plaintiff Donald Timms prays that this Honorable Court:

A.  Enter judgement in favor of the plaintiff Donald Timms and against the Defendants, Holsten Management Corporation and its president, Peter Holsten, Vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed;

B.  Award the plaintiff compensatory damages in an amount in excess of one Hundred thousand ($100,000.00) Dollars from the Defendants, ("HMC") against each Defendants president Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C.  Award the plaintiff punitive damages in an amount in excess of two Hundred thousand ($200,000.00)  Dollars from the Defendants, ("HMC") president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

D.  Award the plaintiff court costs and attorney's fees incurred herein.

E.  Award the plaintiff other relief which this Court deems proper and just.

## COUNT VI
### PENDENT CLAIMS BASED ON THE LAWS OF ILLINOIS COMMON LAW
This claims against each Defendants Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.
### FOR NEGLIGENT INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

### SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT
### 28 U.S.C. A.SECTION 1367 (a)

68.  Plaintiff repeat, re-alleged, and incorporates herein by reference each of the allegations set

forth in paragraphs 1 through 67 above as if set forth fully herein. In **Haec Verba.**

16

69.  Due to Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed changed the locks on plaintiff apartment door so the plaintiff could not re-enter his resident. Plaintiff was bar from the building and Defendants holding my personal property in the apartment at 2030 South State Street.

70.  Illinois law recognizes a cause of action for intentional infliction of emotional distress which makes unlawful certain extreme and outrageous conduct results in severe emotional distress, Defendants acted with actual "malice" and "evil intent" to damages plaintiff.

71.  Defendants ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed Defendants act caused reckless disregard or a great probability of causing intentional infliction of severe emotional distress.

72.  The plaintiff suffered severe damage thereafter the Defendants ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed actions caused plaintiff severe mental distress.

73.  Defendants' ("HMC") acts was extreme and outrageous conduct, including, but not limited to the acts of, intentional caused Timms mental and emotional distress Timms suffered embarrassment and humiliation as well severe headaches.

74.  Defendants', ("HMC"), Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed conduct was extreme and outrageous, and Defendants either intended that their conduct would inflict severe emotional distress or they knew there was a high probability that their conduct would cause severe emotional distress, and that Defendants' conduct in fact caused severe emotional distress.

75.  Defendants', ("HMC"), acted with "evil intent" to do harm to Timms. Defendant's intent to cause harm to plaintiff and reckless disregard for plaintiff constitutional rights.

76. Defendants' conduct were so outrageous and their actions were intentional with malice, hate and intent to damage Timms with affirmative, conscious, disregard of specific consequences which were certain to injure Timms.

77. Plaintiffs' sustained several emotional distress and plaintiff became highly nervous and forced to seek additional attention to relieve constant and severe headaches and loss of appetite; and loss of sleep as result of Defendants' acts

78. Defendants' conduct show and can be found extreme and outrageous. It goes "beyond all possible bounds of decency" and Defendants acts cause distress and will be found severe if "no reasonable person could be expected to endure."

## CONCLUSION

**Wherefore**, the plaintiff Donald Timms prays that this Honorable Court:

A. Enter Judgement in favor of the plaintiff Donald Timms and against Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed;

B. Award the plaintiff compensatory damages in an amount in excess of one Hundred Thousand ($100,000.00) Dollars from the Defendants, ("HMC") against each Defendants president, Peter Holsten, vice Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C. Award the plaintiff punitive damages in amount in excess of two Hundred Thousand ($200,000.000 Dollars from the Defendants ("HMC') against each Defendants president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

D. Award the plaintiff court costs and attorney's fees incurred herein.

E. Award the plaintiff other relief which this Court deems proper and just.

## COUNT VII
### PENDENT CLAIMS BASEDON THE LAWS OF ILLINOIS COMMON LAW
This claims against each Defendants, Holsten Management Corporation and its president, Peter Holsten, Vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed

### FOR  CONVERSION  TORT  ACTION
### SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS PURSUANT TO
### 28 U.S.C.A. SETION 1367(a)

79.   Plaintiff repeats, re-alleged, and incorporates herein by reference each of the allegations set forth in paragraphs 1 through 78 above as if set forth fully herein. **In Haec Verba**.

80.   Defendants, Holsten Management Corporation and its president, Peter Holsten, Vice president, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed, action was wrongfully taken plaintiff personal property constitute an act of conversion. Defendants ("HMC") wrongful detained plaintiff's personal property; plaintiff adequately alleges conversion, which Defendants ("HMC") took full control over plaintiff personal property when Defendants ("HMC") Change the locks on plaintiff apartment doors and change the lock on the mail box "res ipsa loguitur."

81.   Plaintiff complaint show an unauthorized and wrongful assumption of control by Defendants ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

82.   Plaintiff demonstrated Defendants ("HMC") took full control over plaintiff personal property, and detained all plaintiff personal property when Defendants ("HMC") Changed locks on plaintiff apartment door.

83. The plaintiff maintained the ownership and contained the allegation that plaintiff has an immediately rights to his personal property based on the facts that the personal property was wrongfully detained and possess by Defendants, ("HMC"). The personal property owned by Plaintiff before Defendants changed the locks on plaintiff apartment door and the personal property was owned by plaintiff before the locks was and thereafter the locks was changed.

84. Defendants, ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed, wrongful acts occurred on account as direct and proximate result of Defendants ("HMC") intentional and unlawful acts to gain possession of Donald Timms personal property. Defendants directly and proximately cause plaintiff personal property converted to their own use without plaintiff consent, authorization of knowledge.

85. Plaintiff, Donald Timms, has an absolute and unconditional right to immediate possession of the Timms personal property.

86. By Defendants ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed, Intended to permanently deprive plaintiff, Donald Timms the rightful owner of the personal property.

87. Defendants, ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed, Holding plaintiff personal property without notice.

88. Plaintiff was wrongful evicted from his apartment, thereafter, Defendants changed the locks on plaintiff and apartment door so he could not re-enter his apartment. Plaintiff made demands that Defendants release his personal property. Defendants, ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed, refuse to do so but failed to respond to demands.

89. The city ordinance prohibited landlord from changing locks on tenants apartment door, under Section 5-12-150 of the residential landlord and tenant ordinance Municipal Code of Chicago **(1991),** paragraphs **5-12-150,5-12-160 (ordinance 735 ILC S 5/9-207).**

90. The Municipal Code of Chicago 1991, (paragraphs **5-12-020) (5-12-110) (e), (5-12-110) (a);** Plaintiff referring to this building located at 2030 South State Street, apt.2107, Chicago, Illinois 60616.

91. The Defendants Laruyer Wilson and Shaun Reed, all the while acting within the scope of their employment ("HMC") without lawful justification appropriated the property of the plaintiff Donald Timms.

92.  Defendants unauthorized and wrongful exercise of dominion and control of his personal property was willfully and wantonly.

93.  The acts of the Defendants ("HMC") Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed caused plaintiff Donald Timms to be deprived of his property for an indefinite period of time and was otherwise inconsistent with his use enjoyment of his property and further causing his mental anguish.

94  These actions were without lawful justification and constitute the common law and statutory action of conversion.

95.  The essence of action for conversion is wrongful deprivation of personal property from a person entitled to possession of his personal property. Plaintiff claiming conversion must show, the Defendants ("HMC") Laruyer Wilson and Shaun Reed change the locks plaintiff apartment door so he could not re-enter his apartment. Defendants is Unauthorized and wrongful assumption of control, dominion or ownership by person over party's, party's right to property, party's right to immediate, absolute, and unconditional possession of property and demand for possession thereof.

## CONCLUSION

**Wherefore,** the plaintiff Donald Timms, prays that this Honorable Court:

A.  Enter judgement in favor of the plaintiff Donald Timms and against the Defendants, Holsten Management Corporation and its president, Peter Holsten, vice president, Jackie Taylor Holsten, Laruyer Wilson and Reed Shaun;

B.  Award the plaintiff Actual and compensatory damages in an amount in excess of one Hundred Thousand ($100,000.00) Dollars from Defendants, ("HMC") against each Defendants president, Peter  Holsten, Jackie Taylor Holsten, Laruyer Wilson and Shaun Reed.

C. Award the plaintiff punitive damages in an amount in excess of two thousand ($200,000.00)

Dollars from Defendants, ("HMC") against each Defendants president, Peter Holsten, vice president, Jackie Taylor

Holsten, Laruyer Wilson and Shaun Reed.

D. Award the plaintiff court costs and attorney's fees incurred herein.

E. Award the plaintiff other relief which this deems proper and just.

Respectfully Submitted
**Donald Timms**

**Donald Timms**
2140 North Clark Street, apt.302
Chicago, Illinois 60614
(312) 391-5266

_____
**Donald Timms**
Plaintiff acting pro-se

22