IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD TIMMS, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) No. 21 CV 0947 |
| HOLSTEN MANAGEMENT CORPORATION, PETER HOLSTEN, JACKIE TAYLOR HOLSTEN, LARUYER WILSON, and SHAUN REED, | ) Judge John J. Tharp, Jr. ) ) ) ) ) ) |
|       Defendants. | ) ) |

## ORDER

For the reasons set forth in the Statement below, the defendants' motion to dismiss [17] is granted. Judgment will be entered for the defendants. Civil case terminated.

## STATEMENT

This is a *pro se* action for wrongful eviction. Plaintiff Donald Timms alleges Defendant Holsten Management Corporation, through the actions of its officers and employees—Defendants Peter Holsten, Jackie Taylor Holsten, Laruyer Wilson, and Shaun Reed—evicted him from his apartment without notice and seized his personal property. He claims this violated his Fourteenth Amendment due process rights and that he may therefore seek relief under 42 U.S.C. § 1983. He also claims rights to relief under various state and municipal housing statutes and in tort.[1]

At the outset, this Court dismissed Mr. Timms' original complaint *sua sponte* and without prejudice for lack of subject matter jurisdiction. Because the complaint contained no allegations that the defendants—who are all private actors—acted under color of state law, this Court held that Mr. Timms' invocation of 42 U.S.C. § 1983, and by extension 28 U.S.C. § 1331, was nothing more than a pretext for bringing a state-law dispute in federal court. Order of Dismissal 1, ECF No. 4; *see Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("When the federal theories are insubstantial in the sense that prior decisions inescapably render the claims frivolous, there is no federal jurisdiction." (quotations omitted)); *see generally L.P. v. Marian Catholic High School*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."); *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815

---

[1] Mr. Timms also initially pled a claim for race discrimination in violation of 42 U.S.C. § 1981. He has since voluntarily dismissed this claim. Pl.'s Mot. to Dismiss ¶ 5, ECF No. 26.

(7th Cir. 2009) ("[The] Fourteenth Amendment[] to the Constitution protect[s] citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be."). The defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Mr. Timms' amended complaint on the same grounds.[2]

With respect to state action, Mr. Timms' amended complaint at most alleges that Holsten Management Corporation was a corporation formed under Illinois business law, that its property management activities were regulated by Illinois housing law, and that it received low-income housing subsidies. *See, e.g.*, Am. Compl. ¶¶ 17–19, 48. For present purposes, these allegations are accepted as true. *United Cent. Bank v. Davenport Est. LLC*, 815 F.3d 315, 318 (7th Cir. 2016). They are also construed liberally, given that Mr. Timms is a *pro se* plaintiff. *Gould v. Schneider*, 448 F. App'x 615, 618 (7th Cir. 2011). Nonetheless, these allegations do not sufficiently implicate state action.

"In general terms, before a private party's conduct can be considered state action, there must be a sufficiently close nexus between the state and the private conduct so that the action 'may be fairly treated as that of the State itself.'" *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). "[T]he state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Id*. This "includes situations where a state effectively directs, controls, or encourages the actions of a private party." *Id*. It also includes situations where "a state delegates a 'public function' to a private entity." *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)). Neither of these situations exist here.

Regarding whether the State of Illinois directed, controlled, or encouraged the defendants' alleged actions, the simple fact that the defendants were subject to Illinois business and housing law is not enough. *See Jackson*, 419 U.S. at 351 ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."). Nor is it enough that the defendants may have received government subsidies. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982) (a private school, whose income came primarily from public funding, was not engaging in state action when it fired its employees); *Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (state payment of more than 90% of patient medical expenses to a nursing home did not render the decisions of the nursing home staff state action).

As for whether the defendants were performing a "public function," performance of a public function has been defined as "the exercise by a private entity of powers traditionally exclusively reserved to the State." *Jackson*, 419 U.S. at 352. Mr. Timms has provided no authority suggesting that property management has traditionally been the exclusive domain of the State of Illinois.

---

[2] Reviewing the amended complaint as supplemented by Mr. Timms' brief in opposition to the motion to dismiss, the Court concludes that Mr. Timms' federal theories are not so frivolous as to fail to invoke the Court's subject matter jurisdiction. Accordingly, the Court agrees that Rule 12(b)(6), rather than Rule 12(b)(1), is the appropriate basis for the defendants' motion.

In sum, Mr. Timms has not sufficiently alleged state action. His claim for relief under section 1983 therefore fails. Because Mr. Timms has already been afforded leave to amend to address this precise shortcoming, and because further amendment would be futile, Mr. Timms' section 1983 claim is dismissed with prejudice. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (courts in their sound discretion may deny leave to amend if, among other reasons, the pleading is futile).

The dismissal of Mr. Timms' section 1983 claim, in turn, extinguishes this Court's original jurisdiction.[3] "Normally, when 'all federal claims are dismissed before trial, the district court should relinquish jurisdiction over [supplemental] state-law claims rather than resolving them on the merits.'" *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)). The Seventh Circuit has acknowledged various exceptions to this rule, such as "when the statute of limitations has run on the [supplemental] claim, precluding the filing of a separate suit in state court; [when] substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or when it is absolutely clear how the [supplemental] claims can be decided." *Id.* at 514–15 (internal quotations and numerals omitted). None of these exceptions apply here. All of Mr. Timms' state-law claims are therefore dismissed without prejudice to refiling in state court, and this matter is concluded.

Date: February 16, 2023

John J. Tharp, Jr.
United States District Judge

---

[3] Diversity jurisdiction under 28 U.S.C. § 1332 is not pleaded.